IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR 29 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY

| | |
|---|---|
| GEORGE LEYVA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | Civil Action No. SA-02-CA-408-EP |
| ) | |
| THE BEXAR COUNTY REPUBLICAN ) | |
| PARTY and ROY R. BARRERA JR. in his ) | |
| official capacity as Bexar County Republican ) | |
| Party Chairman, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

On this date, the Court considered Plaintiffs' Motion for Temporary Restraining Order, filed April 25, 2002. Plaintiff's attorney has informed the Court that a copy of the motion was served upon Defendants. After careful consideration, the Court will deny the motion.

Plaintiffs file their suit in their individual capacities and on behalf of all other Bexar County Voters who were denied their constitutional right to vote in the March 12, 2002 Republican primary under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. Plaintiffs allege that Defendants failed to preclear any of the precinct polling locations for the March 12 primary, that Defendants implemented unannounced changes in many polling locations, and supplied inaccurate and incomplete information to the public about these changes. Plaintiffs also allege that when a state district court judge extended the time for polling from 7:00 p.m. until 10:00 p.m. for 175 polling locations and Defendants chose not to extend the time for the other locations, they failed to provide substantially equal voting facilities to duly registered voters in those precincts.

Plaintiffs request a temporary restraining order requiring Defendants to immediately submit

all changes for retroactive preclearance to the United States Department of Justice; prohibiting Defendants from utilizing any precinct polling places for any future election without first seeking preclearance from the U.S. Department of Justice; prohibiting Defendants from implementing any changes to the location of any polling place for any future election without first seeking preclearance; and ordering Defendants to preserve and not destroy any and all documents pertaining to the Bexar County Republican Party primary election of 2002.

In determining whether injunctive relief is appropriate for a Voting Rights Act preclearance claim, courts must determine the following: (i) whether a change was covered by § 5, (ii) if the change was covered, whether § 5's approval requirements were satisfied, and (iii) if the requirements were not satisfied, what remedy is appropriate. *City of Lockhart v. United States*, 460 U.S. 125, 129 n.3 (1983); *United States v. Louisiana*, 952 F. Supp. 1151, 1158 (W.D. La. 1997), *aff'd* 521 U.S. 1101 (1997).

From Plaintiffs' pleadings, it appears that Defendants' changes to the location of the polling places are covered by § 5 and that the § 5 approval requirements were not satisfied. However, based on the representations of the parties, the Court finds that a temporary restraining order is not an appropriate remedy at this time. Defendants' counsel informed the Court that Defendants intends to seek preclearance from the Department of Justice this week, and that Defendants will preserve any records or documents relating to the March 12 primary. In addition, the parties agreed that the next Republican primary will not be held for almost two years. Thus, it appears a temporary restraining order would serve no purpose at this time. As a result, the Court DENIES Plaintiffs' Application for Temporary Restraining Order (Docket entry # 2).

To facilitate a timely resolution of this dispute, the Court GRANTS Plaintiffs' Motion for Expedited Discovery (Docket entry # 3) and enters the following Scheduling Order:

1. The parties have 60 days from the date of this order to conduct discovery. The parties shall agree on scheduling of depositions and other discovery matters and there will be no intervention by the Court except in extraordinary circumstances.

2. Defendants must file any motion to dismiss not later than two weeks after the close of discovery, and Plaintiffs' response must be filed within 11 days of service of the motion.

3. A hearing for preliminary injunction, if necessary, will be scheduled after the Court resolves any motion to dismiss.

SIGNED this 29th day of April 2002.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE